UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Sabeskaran Ashokumar

    Petitioner,

    v.                                                            20-cv-313 (JLS)

William P. Barr, et al.,

    Respondents.

## DECISION AND ORDER

The Court has studied the Petition (Dkt. 1) as well as the parties' submissions filed at the Court's request (Dkt. 7-9). The Court believes this case should be dismissed for lack of subject matter jurisdiction pursuant to *Castro v. United States Department of Homeland Security*, 835 F.3d 422 (3d Cir. 2016). But because the Supreme Court will soon decide *Department of Homeland Security v. Thuraissigiam*, which was argued on March 2, 2020, on appeal from the Ninth Circuit (917 F.3d 1097 (9th Cir. 2019)), this Court will stay that dismissal.

Because this case is sufficiently similar to *Thuraissigiam*, the Court next considers whether to stay Petitioner's removal. In determining that issue, the Court considers the likelihood of success on the merits, whether Petitioner will be irreparably injured absent a stay, whether a stay will substantially injure other parties interested in the proceeding, and where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). A stay "is an exercise of judicial discretion, and

1

the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 433 (quotations and citations omitted). Here, the Court concludes that a stay of removal is appropriate, pending a determination of whether this Court has jurisdiction and, if it does, pending the ultimate outcome on the merits.

The first element weighs in favor of a stay. Petitioner has raised serious legal questions, especially in light of the pending *Thuraissigiam* case before the Supreme Court. Petitioner, if wrongfully removed, also faces irreparable harm, including physical harm. At his credible fear interview, Petitioner testified he was captured in the night three times while in Sri Lanka, each time physically harmed, including beaten with a baton and "pricked . . . with a nail." Petitioner also testified that one of his captures lasted nine days. *See* Dkt. 7-1, at 14-16. Assuming, for purposes of this analysis, that Petitioner's testimony is true, this factor favors a stay. In balancing the equities, too, the Court finds that Petitioner's significant irreparable harms outweigh any harm that the United States may incur during this period. Finally, there is a public interest in preventing removal that may be wrongful. So, too, is there an interest in staying Petitioner's removal until the Supreme Court issues a decision in *Thuraissigiam*.

Petitioner's removal is therefore stayed pending the Supreme Court's decision in *Thuraissigiam*. *See also* 28 U.S.C. § 1651. If the Supreme Court determines that 8 U.S.C. § 1252(e)(2) violates the Suspension Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 2, subject matter jurisdiction exists. In that case, Petitioner's removal is further stayed pending this Court's resolution of the Petition on the merits.

SO ORDERED.

DATED: Buffalo, New York
         April 1, 2020

                                        s/John L. Sinatra, Jr.
                                        JOHN L. SINATRA, JR.
                                        United States District Judge